ROBERT WOODS *vs.* ST. PAUL & DULUTH RAILROAD COMPANY.

November 22, 1888.

Master and Servant—Negligence of Master—Evidence.—The evidence
in this case, relied on to establish defendant's negligence, examined and
considered, and *held* insufficient to make a case for the jury.

- :Same—Assumption of Risk by Servant.—Where an employe undertakes
a hazardous employment, he is deemed to assume the risks of the same,
so far as they are open to observation, or are known to him.

Appeal by plaintiff from an order of the district court for Henne-
pin county, *Young*, J., presiding, refusing a new trial after a dis-
missal ordered at the trial.

*Thomas Canty*, for appellant.

*James Smith, Jr., John D. O'Brien*, and *W. A. Barr*, for respond-
ent.

VANDERBURGH, J. The defendant company was engaged in switch-
ing a train of coal cars, which were being passed over scales and
weighed. The train was backed up near the scales, and the rear
cars were detached in their order, and were severally sent over the
scales, upon which they were weighed while moving, with sufficient
momentum to carry them over to the track beyond. This movement,
imparted to them by the action of the engine attached to the front or
most distant portion of the train, is commonly called "kicking." The
track beyond the scales was built upon a platform and trestle-work
upon a descending grade. The cars ran down different distances upon
the trestle, and were stopped by others in front of them, or by a
brakeman, who held and controlled that portion of the train until all
the cars were passed over and coupled. It was the business of the
plaintiff to couple these cars as they came together. After coupling
a car he would pass to the rear of the same to couple the next as it
came down, and in doing so would pass out upon the trestle-work
behind the last car. The plaintiff testifies, in substance, that at the
time of the injury complained of he was proceeding as usual behind
the last car, preparing to couple the succeeding one, when he ob-

served one coming from the scales more rapidly than usual; and he turned back to get out of the way, and in doing so fell through the opening in the trestle-work, and was overtaken by the car and dragged along several feet, and in the emergency put out his hand to save himself, and it was caught and injured between the cars. He was used to the business, but was working in that place for the first time that day, and had been so engaged two or three hours. The principal question presented here is whether the accident is shown to have been the result of the defendant's negligence. Whether the place at which the coupling was required to be done was dangerous or not, it is evident that the risks, whatever they may have been, from this cause, were assumed by the plaintiff in entering upon and continuing in the employment of coupling cars there. So, also, we think, if the plaintiff knew or ought to have known (as it appears he did) the method adopted by the defendant in switching and weighing coal cars in the yard, he would also be presumed to have assumed the risks naturally incident thereto. Whether the practice of sending cars over the scales by "kicking" was a safe one, under the circumstances, we need not therefore consider. And there is no evidence in the case showing how the car in question was handled by the engineer, save that it passed over the scales, was weighed without difficulty, as other cars, and that the plaintiff testifies that it came down the grade from the scales at a rate of speed unsafe for coupling; and he judges, from his casual observation when he saw it 40 feet away, that it was moving at the rate of about 7 or 8 miles an hour when it reached him, 75 or 100 feet from the scales. He also states: "That car could have been let down at a safe rate of speed. If it ran over the scales at a mile or mile and a quarter an hour, I could have coupled it safely." He also says it would have then run 2 or 3 miles an hour on the trestle where he was, and that the cars were not usually sent so rapidly while he was there. "Twice before, the cars had gone as fast, and I refused to make the coupling. They ran slower at other times." We doubt whether the mere fact that the car came down at a higher rate of speed than usual is, by itself, sufficient evidence of negligence, and there is no other evidence save the assertion or opinion of the plaintiff that the particular car could have been let down at a low rate of

speed. But we hardly think that is sufficient, in the absence of evidence of further facts as to the management of the train, or any evidence tending to show that with reasonable diligence the cars could be "kicked" over the scales at a uniform or low rate of speed. This would naturally depend upon the length and weight of the train, the distance of the engine from the scales, the condition of particular cars, (some of which we may suppose would be more easily handled than others,) and the grade and distances which the detached cars would need to run. It may be fairly implied that there would naturally be more or less irregularity in the motion of the cars sent over in this way, of which employes would be bound to take notice. As respects this method of conducting the business, it may be said that if the cars ran too fast, or accumulated too rapidly, to enable plaintiff to couple them safely as they came down the grade, plaintiff would have to govern himself accordingly, and require the overseer or brakeman to suspend or regulate the delivery of the cars, as might be necessary to enable him to do his work. This was the course, substantially, which he had pursued in other instances, when the cars had come down too rapidly. He knew the nature of the business, and of the place where he was working, and it does not appear that he was acting under instructions which controlled the exercise of a reasonable discretion in the discharge of his duty.

After a careful examination of the record, we are unable to say that the trial court erred in holding that the plaintiff's evidence failed to make a case for the jury. This view of the case renders it unnecessary for us to consider exceptions to the refusal of the court to admit evidence bearing on the question of plaintiff's contributory negligence.

Order affirmed.