## JOHN J. BEATON v. GREAT NORTHERN RAILWAY COMPANY.[1]

October 17, 1913.

Nos. 18,255—(116).

**Injury to car sweeper — no evidence of negligence.**

Plaintiff was sweeping out a box car in defendant's yards. He was thrown to the floor by the impact of other cars moved without warning against the car in which he was working. Cars in which he was engaged were frequently so moved. He claimed no right to warning in such cases. He claims the impact in this case was harder than usual. There is no evidence as to the circumstances under which the impact occurred, nor as to what occasioned the unusual blow. There is no evidence that the men engaged in switching knew of plaintiff's presence in this car. There was no sufficient- evidence of negligence of defendant to sustain a. verdict for plaintiff, and the trial court properly directed a verdict for defendant.

Action in the district court for Ramsey county to recover $10,000 for personal injury received while in the employ of defendant. The case was tried before Catlin, J., who granted defendant's motion for a directed verdict. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Samuel A. Anderson* and *A. F. Storey,* for appellant.

*M. L. Countryman* and *A. L. Janes,* for respondent.

1 Reported in 143 N. W. 324.

HALLAM, J.

This is an action for damages for personal injury. The trial court directed a verdict in favor of defendant, and plaintiff appealed. Plaintiff was employed by defendant in its yard at Superior, Wisconsin. He was known as a "trucker," and his work was to truck freight and sweep cars. Part of his morning was employed in sweeping out box cars. The cars were frequently moved while he was working in them. He received no notice or warning in such cases, and does not claim he was entitled to receive any. He kept his own lookout. On the occasion in question he was sweeping out a box car. Switching was in progress in the yard. A string of four or five freight cars was moved against his car, causing him to be thrown with force to the floor. He testified that the blow from the impact at this time was a good deal harder blow than usual. This is the only negligence charged.

It is undoubtedly true that the bringing of cars together with unusual force is an element to be considered in determining negligence of a railroad company toward its employees. Griffin v. Minnesota Transfer Ry. Co. 94 Minn. 191, 102 N. W. 391. But it cannot be said that this is in itself evidence of negligence under any and all circumstances. It is a matter of common knowledge that in switching operations cars are brought together with varying degrees of force. There is here no testimony as to the circumstances under which this impact occurred, nor as to what occasioned the unusual blow. There is no testimony that any of the men engaged in switching knew of the presence of plaintiff in this car. Under all of the testimony, we are of the opinion that there was no sufficient evidence of negligence to sustain a verdict for plaintiff, and that the order of the court in directing a verdict for defendant was right. Woods v. St. Paul & D. R. Co. 39 Minn. 435, 40 N. W. 510.

Order affirmed.